UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| TERRY ARTHUR, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:90-CR-83-JRG-1 |
| | ) | | 2:16-CV-205-JRG |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 2]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. For the following reasons, the petition will be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

In 1990, Petitioner robbed two banks at gunpoint; a jury subsequently convicted him of those robberies, each in violation of 18 U.S.C. § 2113(a) ("Counts One and Two"), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count Three"). He was sentenced to a total of 216 months' imprisonment—96 months' incarceration for the bank robberies, followed by 120 months' incarceration for the § 924(c)

violation.[1] The Sixth Circuit affirmed his convictions and sentence on appeal. *See generally United States v. Arthur*, No. 91-5314, 1992 WL 159792 (6th Cir. July 10, 1992).

According to the Bureau of Prisons, Petitioner also received an aggregate 124-month sentence from the Middle District of North Carolina for a bank robbery committed in that jurisdiction in November of 1988 [M.D. NC Case No. 6:88-cr-178], a 78-month sentence form the Middle District of Tennessee for a bank robbery committed there in March of 1988 [M.D. Tenn. Case No. 3:89-cr-02], and an 87-month sentence from this Court for bank robbery committed in October of 1988 [E.D. Tenn. Case No. 3:89-cr-64-2]. *See generally United States v. Arthur*, 949 F.2d 211 (6th Cir. 1991); *United States v. Arthur*, No. 89-5401, 1990 WL 86247 (4th Cir. June 4, 1990). In sum, Petitioner's federal sentence—to be served upon completion of the state sentence he was then serving—totaled 505 months' imprisonment.[2]

Nearly twenty-four years after the Sixth Circuit affirmed Petitioner's conviction in the instant case—on June 20, 2016—this Court received the instant petition for relief seeking correction of sentence in light of *Johnson* [Doc. 2]. The United States responded in opposition.

## II. ANALYSIS

Petitioner's argument appears to be that the *Johnson* decision invalidated the similarly-worded residual clause in § 924(c)(3)(B), thereby precluding his violations of 18 U.S.C. § 2113(a) from categorization as "crimes of violence" sufficient to support a conviction under § 924(c)(1)(A) [Doc. 2]. The argument fails for two reasons.

---

[1] The sentence was to be served consecutive to any other undischarged sentences; he had several pending charges in multiple jurisdictions—state and federal—at the time of his conviction in this case [Presentence Investigation Report ("PSR") ¶ 7].

[2] To date, Petitioner has served 335 months in federal custody and has earned approximately 42 months of good-time credit.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[3] *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, the convictions under 18 U.S.C. § 2113(a) remain capable of supporting the conviction under § 924(c)(1)(A).

---

[3] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. See U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's convictions under 18 U.S.C. § 2113(a) would remain crimes of violence under the provision because the offenses qualify under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's convictions, which by definition involve taking or attempting to take from the presence of another by force or violence a thing of value in the care, custody, control, management, or possession of a bank, 18 U.S.C. § 2113(a), categorically fall within the scope of that provision. *See, e.g.*, *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within Section 4B1.2(a)'s use-of-physical-force clause); *accord In re Watt*, No. 16-14675, 2016 WL 3941083, at *1 (11th Cir. July 21, 2016) (explaining that a violation of 18 U.S.C. § 2114(a) would constitute a crime of violence under § 924(c)(3)(A)); *United States v. Enoch*, No. 15-cr-66, 2015 WL 6407763, at *3 (E.D. Ill. Oct. 21, 2015) (concluding violations of 18 U.S.C. § 2114(a) categorically qualified as crimes of violence under § 924(c)(3)(A), the use-of-physical-force clause); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (finding that Tennessee robbery, which can be committed "by violence or putting the person in fear," categorically qualifies as a violent felony under the use-of-physical-force clause). In light of the foregoing, *Johnson* is inapposite and cannot operate as a basis for collateral relief.

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 2] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action

4

would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE